UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                          CHAPTER 7

**KEITH MICHAEL CORSON**                        Case No. 18-10191-BAH

    Debtor

REPLY TO
CHAPTER 7 TRUSTEE'S OBJECTION TO
<u>DEBTOR'S CLAIM OF EXEMPTION</u>

    Keith Corson, as Trustee of the Corson Family Irrevocable Trust (the "<u>Trust</u>"), but not as the Debtor, the holder of a life interest in the Trust nor as an individual, Keith Corson, as the next friend, natural guardian and legal custodian of CC, a minor child, who is a remainder beneficiary of the Trust, Cody M. Corson, Jeffrey J. Corson and Travis A. Corson, each being an interested party in the Chapter 7 Bankruptcy Case of Keith Michael Corson (collectively, the "<u>Responding Party</u>"), respectfully reply to the Objection to Debtor's Claim of Exemption filed by Olga L. Gordon, the Chapter 7 Trustee for the Estate of Keith Michael Corson ("<u>this Reply</u>," the "<u>Objection</u>" and the "<u>Moving Party</u>") as follows:

**PRELIMINARY STATEMENT**

    By way of general response, all factual allegations, including the authenticity of documents referred to in the Objection, and conclusions of law made or expressed by the Moving Party are denied unless specifically admitted herein, and any factual averment admitted only as to the specific facts admitted and not as to any conclusions, characterization, implications, opinions or speculations that are, or may be included in the averment or in the Objection as a whole.  This Preliminary Statement is also incorporated, to the extent appropriate, into each numbered Paragraph of this Reply.  Except as otherwise defined herein, all capitalized words,

terms and phrases used in the Objection shall have and be given the same meaning when used herein.

## REPLY TO ALLEGATIONS MADE IN OBJECTION

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.  By way of further answer, the Responding Party states the (**a**) Moving Party has filed an adversary proceeding against the Debtor and Ms. Doreen Corson (the "Adversary") to avoid the transfer referred to in paragraph 9 of the Objection as if this Court has jurisdiction over the property of non-debtors such as Ms. Corson and the children of Debtor and Ms. Corson, who are the remainder beneficiaries of the Trust, (**b**) nothing prevents the amendment of Schedule A to conform to the facts proven in the Adversary, and (**c**) nothing prevents the amendment of Schedule C to conform to the facts proven in the Adversary.

5. The Responding Party does not have sufficient information at this time to form a reasonable belief regarding the completeness and truthfulness of the allegation made in this paragraph and, therefore, denies it.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

**10.** The Responding Party does not have sufficient information at this time to form a reasonable belief regarding the completeness and truthfulness of the allegation or allegations made in this paragraph and, therefore, denies each of them.

**11.** The Responding Party admits that the Trust contains language similar to that paraphrased by the Moving Party.

**12.** Admitted.  By way of further answer, the Responding Party states that (**a**) unlike the Bankruptcy Court, the Rockingham's County Circuit Court (the "Divorce Court") had all of the parties with an interest in the Property – Debtor, Ms. Corson and the Children, including the Minor Child -- before it, (**b**) determined that the Children owned the Property subject to life interests held by Debtor and Ms. Corson, which had very limited value, (**c**) gave the Debtor the exclusive right to use, occupy and reside in the Property with the parties' children over whom he has sole legal custody and that he has resided on the Property for many years and that (**d**) the Trustees of the Trust did not have discretion to distribute principal to themselves, except for the right to choose to pay burial costs and expenses.

**13.** The Responding Party admits that R.S.A. 480:3-a contains the text quoted by Moving Party, RSA 480:9 addresses the retention of homestead rights in property conveyed to a revocable trust and that *In re Pollack* recognized that residential property can be held in trust without destroying a homestead exemption under some circumstances.  The Responding Party denies the legal conclusion that the "New Hampshire homestead statute requires ownership by the individual claiming homestead exemption".  The legal conclusions expressed by Moving Party in this paragraph do not require a reply or any other response.  To the extent that a reply or response to the legal conclusions is necessary, the Responding Party denies them.

14. The Responding Party admits that the Debtor transferred his interest in the Property to the Trust, which is an irrevocable trust. The Responding Party admits that the New Hampshire legislature has expressly provided that the transfer of real property to a revocable trust does not terminate the homestead". The Responding Party denies the legal conclusion that the New Hampshire legislature "excluded any such provision for irrevocable trusts". Except for the allegations specifically admitted or denied herein, the Responding Party does not have sufficient information at this time to form a reasonable belief regarding the completeness and truthfulness of the other allegations made in this paragraph and, therefore, denies each of them.

15. The Responding Party admits that the quoted excerpt from *In re Chamberlin* appears in the opinion. Except for the allegation specifically admitted herein, the Responding Party does not have sufficient information at this time to form a reasonable belief regarding the completeness and truthfulness of the other allegations, factual and legal conclusions made or expressed in this paragraph and, therefore, denies each of them.

16. The legal conclusion expressed in this Paragraph does not require a reply or any other response. To the extent a reply or response to the conclusion is necessary, the Responding Party denies it.

17. The request for a waiver of the requirement for an accompanying memorandum of law made by Moving Party in this paragraph does not require a reply or any other response from the Responding Party.

**WHEREFORE,** The Responding Party respectfully requests this Court to deny the Objection and grant the Responding Party such further relief as may be fair and equitable or lawful under the circumstances.

|  |  |
|---|---|
|  | Respectfully Submitted by, |
| Dated: November 1, 2018 | /s/ William S. Gannon |
|  | William S. Gannon, BNH 01222 |

Attorney for:

**KEITH CORSON, AS TRUSTEE OF THE CORSON FAMILY IRREVOCABLE TRUST**

**KEITH CORSON, AS THE NEXT FRIEND, NATURAL GUARDIAN AND LEGAL CUSTODIAN OF CC, A MINOR CHILD**

**CODY M. CORSON**

**JEFFREY J. CORSON**

~ and ~

**TRAVIS A. CORSON**

WILLIAM S. GANNON PLLC
889 Elm Street, 4th Floor
Manchester, NH 03101
PH: 603-621-0833
bgannon@gannonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing pleading on all persons and entities named on the CM/ECF Electronic Service List by causing it to be filed electronically via the CM/ECF filing system.

|  |  |
|---|---|
| DATED: November 1, 2018 | /s/ Beth E. Venuti |
|  | Beth E. Venuti, Paralegal |